UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ZOLTAN KOZIC, | ) | CASE NO. 4:20-cv-275 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | |
| WARDEN JAMES HAVILAND, | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the report and recommendation (Doc. No. 24 ("R&R")) of Magistrate Judge Jonathan D. Greenberg, recommending that this Court dismiss in part, and deny in part petitioner Zoltan Kozic's ("Kozic") writ of habeas corpus petition under 28 U.S.C. § 2254. (Doc No. 1 (Petition).) Kozic filed a timely objection to the R&R. (Doc. No. 27 (Objection).) Respondent filed neither a response to Kozic's objection, nor his own objections. For the reasons discussed herein, Kozic's objection to the R&R is OVERRULED and the R&R is ACCEPTED.

**I. BACKGROUND[1]**

Kozic is in state custody following his conviction related to his role in a series of burglaries that occurred in Columbiana, Mahoning, Trumbull, and Geauga counties in late 2009 and early 2010. *State v. Kozic*, No. 2010-cr-506 (Mahoning Cnty. Ct. Com. Pl.). On May 20, 2010, the Mahoning County Grand Jury issued an indictment charging Kozic and two others. Kozic was

---

[1] The R&R contains a more detailed recitation of the factual background in this case. This Court includes only the factual and procedural background pertinent to Kozic's objection to the R&R.

charged with six counts of burglary (R.C. §2911.12(A)(2)(C)) (counts 1, 3, 5–8); two counts of trafficking in drugs (R.C. §2925.03(A)(1)(C)(1)(c)) (counts 14–15); and one count of engaging in a pattern of corrupt activity (R.C. §2923.32(A)(1)(B)) with a felony enhancement (count 22). (Doc. No. 13-1, Exhibit 1.) Kozic, through counsel, entered a plea of not guilty. (Doc. No. 13-1, Exhibit 2.)

Kozic's jury trial was scheduled for July 6, 2010. (Doc. No. 13-1, Exhibit 3.) On July 1, 2010, the state, counsel for Kozic, and counsel for the other two defendants agreed to a new trial date of February 7, 2011, and that the speedy-trial time was tolled until then. (Doc. No. 13-1, Exhibit 4.) At a pretrial hearing on January 18, 2011, Kozic's co-defendant, Jennifer Kozic, moved for the trial to be continued with no objections from the other parties and the trial court reset trial for February 28, 2011. (Doc. No. 13-1, Exhibit 5.)

On February 22, 2011, Kozic appeared in court for a status conference. Due to breakdowns in attorney/client relationships, the trial court appointed new counsel for Kozic and one of his codefendants. (Doc. No. 13-1, Exhibit 6.) Following a hearing on March 4, 2011, the trial court postponed the trial to August 1, 2011, upon agreement of the parties. (Doc. No. 13-1, Exhibit 7.)

On June 16, 2011, Kozic filed a motion to dismiss the charges due to a violation of his speedy trial right. (Doc. No. 13-1, Exhibits 8, 9.) Following a hearing, the court deferred ruling on Kozic's motion to dismiss based on speedy trial violations until the state filed a response. (Doc. No. 13-1, Exhibit 11.) The state filed a response, which included a speedy trial calculation. (Doc. No. 13- 1, Exhibit 12.) Prior to the start of trial, the court overruled Kozic's motion to dismiss based on speedy trial violations. (Doc. No. 13-3, at 518–19.[2])

---

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic docketing system.

The case proceeded to trial and the jury found Kozic guilty of burglary on counts 3, 5–8; guilty of trafficking in drugs on counts 14–15; and guilty of engaging in a pattern of corrupt activity with a felony enhancement as charged in count 22. Count 1 was dismissed by the court pursuant to a Crim. R. 29 motion. (Doc. No. 13-1 (Exs. 14–15).)

Kozic raised the issue of an alleged speedy trial violation on direct appeal to the Ohio Court of Appeals (Doc. No. 13-1, Exhibit 19), and on appeal to the Ohio Supreme Court (Doc. No. 13-1, Exhibit 24). In his habeas petition before this Court, Kozic raised an alleged speedy trial violation as one possible ground for relief, along with eight other possible grounds for relief. (Doc. No. 1.)

## II. STANDARD OF REVIEW

When a party timely objects to a magistrate judge's report and recommendation on a dispositive matter, the district court must conduct a *de novo* review of those portions of the report and recommendation to which a proper objection is made. 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); *Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party."). After review, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

In conducting its *de novo* review in a habeas context, this Court must be mindful of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), which provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim−
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, 562 U.S. 86, 102–03, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979) (Stevens, J., concurring in judgment)).

### III. KOZIC'S OBJECTION TO THE REPORT AND RECOMMENDATION

Kozic raises only one objection to the magistrate judge's R&R: Kozic objects to the magistrate judge's finding that Kozic's claimed speedy trial violation was premised on state law and not cognizable upon federal habeas review. (Doc. No. 27, at 10–11.) Kozic contends that his claimed speedy trial violation was in fact based on federal law and the record supports his denial of this federal constitutional right. (*Id.*)

While the magistrate judge did find that Kozic's claim that the trial court violated his speedy trial rights was based on the Ohio speedy trial statute (Doc. No. 24, at 36), the magistrate judge also found that to the extent his claim was based on an alleged federal speedy trial violation, it failed on the merits. (*Id.* ("Assuming, *arguendo*, that Kozic's claim did allege a federal law

4

violation, it fails on the merits.").) The magistrate judge's analysis of the relevant case law and the calculation of Kozic's speedy trial clock spanned four pages, leading to the magistrate judge's ultimate conclusion that Kozic had failed to show that the state court of appeals' decision on the issue "'was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement" as required for a successful habeas petition. (*Id.* at 36–40 (quoting *Harrington*, 562 U.S. at 103).)

In his objection, Kozic does not contend that the magistrate judge's determination that his alleged federal speedy trial violation failed on the merits was contrary to law or the facts. Rather, Kozic seems to have missed the magistrate judge's findings related to his alleged federal speedy trial violation. On the basis that the magistrate judge did consider an alleged federal speedy trial violation, but found it meritless, Kozic's objection is overruled.

Further, to the extent Kozic is merely disagreeing with the magistrate judge's findings concerning his alleged federal speedy trial violation, such a disagreement is an improper general objection, which does not warrant the Court's *de novo* review. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) (defining a general objection as "[a]n 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before"); *see also* LR 72.3(b) (stating that any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections"). Even so, this Court agrees that Kozic's alleged federal speedy trial violation is without merit.

The Sixth Amendment provides a fundamental right to a speedy trial that serves to: (1) prevent undue and oppressive incarceration prior to trial; (2) minimize "anxiety and concern accompanying public accusation;" and (3) limit the possibility that a long delay will impair the

5

ability of an accused to present a defense. *See Klopfer v. North Carolina*, 386 U.S. 213, 222–24, 87 S. Ct. 988, 18 L. Ed. 2d 1 (1967) (constitutional right to speedy trial imposed on states by Due Process Clause). To determine whether a defendant has been deprived of the constitutional right to a speedy trial, courts consider the following factors: (1) length of the delay; (2) reason for the delay; (3) whether, when and how the defendant asserted the speedy trial right; and (4) whether the defendant was prejudiced by the delay. *Barker v. Wingo*, 407 U.S. 514, 530–32, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972).

The first factor of length of delay is the critical threshold. Delay must be sufficiently long to be 'presumptively prejudicial' before the remainder of the analysis undertaken." *Barker*, at 530. Generally, delay approaching one-year is presumptively prejudicial. *See Doggett v. United States*, 505 U.S. 647, 652 n.1, 112 S. Ct. 2686, 120 L. Ed. 2d 520 (1992). Although "presumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria, it is part of the mix of relevant facts, and its importance increases with the length of delay." *Id.* at 656 (internal citation omitted).

The second *Barker* factor looks at "whether the government or the criminal defendant is more to blame for th[e] delay." *Id.* at 651. "Governmental delays motivated by bad faith, harassment, or attempts to seek a tactical advantage weigh heavily against the government, while neutral reasons such as negligence are weighted less heavily, and valid reasons for a delay weigh in favor of the government." *United States v. Robinson*, 455 F.3d 602, 607 (6th Cir. 2006) (citing *Barker*, 407 U.S. at 531). Thus, "different weights should be assigned to different reasons." *Barker*, 407 U.S. at 531.

The third factor relates to "the defendant's responsibility to assert his right," and its effect will depend on the other factors. *Id.* "The strength of his efforts will be affected by the length of

the delay, to some extent by the reason for the delay, and most particularly by the personal prejudice, which is not always readily identifiable, that he experiences. The more serious the deprivation, the more likely a defendant is to complain." *Id.*

The fourth and final *Barker* factor is actual prejudice to the accused. "Prejudice 'should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect,' of which there are three: '(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired.'" *United States v. Ferreira*, 665 F.3d 701, 706 (6th Cir. 2011) (quoting *Barker*, 407 U.S. at 532).

Kozic was indicted on May 20, 2010, but his trial did not commence until August 1, 2011. Thus, the delay of over one year between his indictment and trial is presumptively prejudicial. However, there is no evidence that any delay was the result of any bad faith by the prosecution. Any delay was the result of either mutual agreement of the parties or Kozic's own actions. For example, trial was originally scheduled to begin on July 6, 2010, but on July 1, 2010 (43 days after his indictment), all parties agreed to a new trial date of February 7, 2011, and all parties agreed that the speedy trial clock would be tolled until then. (Doc. No. 13-1, Exhibits 3, 4.) Thus, no speedy trial clock was running from July 1, 2010, until February 7, 2011. On January 18, 2011, the parties agreed to continue the trial date until February 28, 2011. (Doc. No. 13-1, Exhibit 5.) Then, on March 4, 2011, following Kozic being appointed new counsel after a breakdown in the relationship with his previous counsel, the trial court postponed trial until August 1, 2011, upon agreement on all parties. (Doc. No. 13-1, Exhibits 6, 7.) The record indicates that each delay was

7

agreed to by Kozic through counsel and, more, the final delay was attributed to Kozic needing new counsel.

Kozic did assert his right to a speedy trial by filing a motion to dismiss with the trial court—but that motion was denied after the government presented a speedy trial clock calculation, which revealed the clock had not yet expired. (Doc. No. 13-3, at 518–519.) Finally, there is no evidence in the record that Kozic suffered any actual prejudice as a result of the delay between his indictment and trial and he does not suggest otherwise. Rather, as noted, the final delay was attributable to Kozic needing new counsel and, if anything, presumably Kozic and new counsel appreciated being afforded time to confer before trial began. Considering the *Barker* factors together, the trial court did not violate Kozic's Sixth Amendment right to a speedy trial.

### IV.     REMANING FINDINGS IN THE REPORT AND RECOMMENDATION

Neither Kozic nor respondent filed any objections to any of the other findings by the magistrate judge in the R&R. The failure to file written objections to a magistrate judge's report and recommendation constitutes a waiver of a *de novo* determination by the district court of an issue covered in the report. *Thomas v. Arn*, 728 F.2d 813, 814–15 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *see United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This Court has reviewed the rest of Magistrate Judge Greenberg's R&R and accepts and adopts the same.

## V. CONCLUSION

For the reasons set forth herein, Kozic's objection to the R&R is OVERRULED and the R&R is ACCEPTED. (Doc. No. 24.) The petition for writ of habeas corpus is DISMISSED IN PART and DENIED IN PART. Further, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: January 27, 2023

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**